UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

TAYLOR, BEAN & WHITAKER
MORTGAGE CORP., *et al.*,

    Debtors.

_____/

Chapter 11

Case No. 3:09-bk-07047-JAF
Case No. 3:09-bk-10022-JAF
Case No. 3:09-bk-10023-JAF
(Jointly Administered Under
Case No. 3:09-bk-07047-JAF)

NEIL F. LURIA, as Trustee to the TAYLOR,
BEAN & WHITAKER PLAN TRUST,

    Plaintiff,

v.

NL VENTURES VII MAGNOLIA LLC,

    Defendant.
_____/

Adv. Pro. No. _____

**COMPLAINT TO AVOID PREFERENTIAL
TRANSFERS AND TO RECOVER PROPERTY TRANSFERRED
PURSUANT TO 11 U.S.C. § 550**

Neil F. Luria, as Trustee for the Taylor, Bean & Whitaker Plan Trust (the "Plaintiff"), pursuant to 11 U.S.C. §§ 547 and 550, sues[1] the Defendant, NL Ventures VII Magnolia LLC (the "Defendant") to avoid and recover preferential transfers, and in support thereof, alleges:

**JURISDICTION AND VENUE**

1.     This adversary proceeding is brought by the Debtor to recover preferential transfers pursuant to Sections 547 and 550 of the Bankruptcy Code.

---

[1] Plaintiff reserves the right to bring additional claims against the Defendant and nothing contained herein shall be deemed a waiver of any rights or causes of action that the Plaintiff may have against the Defendant. Also, to the extent that the Defendant has filed a proof of claim or has a claim listed on the Debtor's schedules as undisputed, liquidated, and not contingent, or has otherwise requested payment from the Debtor or the Debtor's chapter 11 estate (collectively, the "Claims"), Plaintiff reserves the right to object to such Claims for any reason including, but not limited to, 11 U.S.C. § 502(a) through (j), and this Complaint is not intended to be, nor should it be construed as a waiver of such right.

2.      This Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 157(b) and 1334(b). This is a core proceeding for which the Court is authorized to hear and determine all matters regarding this case in accordance with 28 U.S.C. § 157(b)(2)(F) and (H).

3.      Venue in the Middle District of Florida is proper pursuant to 28 U.S.C. § 1409.

## PARTIES AND PROCEDURAL BACKGROUND

4.      Taylor, Bean & Whitaker Mortgage Corp. (the "Debtor") commenced its bankruptcy case on August 24, 2009 (the "Petition Date") by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

5.      On July 21, 2011, the Bankruptcy Court entered its order confirming the *Third Amended and Restated Joint Plan of Liquidation of the Debtors and the Official Committee of Unsecured Creditors* (the "Plan") (Order, D.E. # 3420). Pursuant to the Plan, and the Taylor, Bean & Whitaker Plan Trust, the Plaintiff, as Trustee of the Plan, is empowered to commence this case against the Defendant.

6.      The Defendant is an entity with a principal place of business at 301 Congress Avenue, Suite 320, Austin, TX 78701.

7.      Prior to the Petition Date, the Debtor made payment(s) to the Defendant totaling $132,890.70 (the "Payments"). The Plaintiff sent a letter to the Defendant demanding the return of the Payments. As of the date of the filing of this complaint, the Defendant has not paid the amount demanded by the Plaintiff.

## COUNT I – AVOIDANCE OF PREFERENTIAL TRANSFERS
## PURSUANT TO SECTION 547(B) OF THE BANKRUPTCY CODE

8.      Plaintiff realleges the allegations set forth in paragraphs 1 through 7, and incorporates those allegations by reference.

-2-

9. On or within 90 days before the Petition Date, that is, between May 25, 2009 and August 24, 2009 (the "Preference Period"), the Debtor continued to operate its business affairs, including the transfer of property, either by checks, cashier checks, wire transfers or otherwise to certain entities, including the Defendant.

10. The Debtor transferred property of the Debtor to the Defendant during the Preference Period in an amount not less than $132,890.70 (the "90-Day Transfers"). Attached hereto as "Exhibit A"; and incorporated herein by reference, is a list of the Transfers presently known to Plaintiff to have been made by the Debtor to the Defendant. The exhibit includes: (i) the name of the Defendant, (ii) the Defendant's address, (iii) the date of each transfer to the Defendant, (iv) the check or wire number of each transfer, (v) the amount of each transfer, and (vi) the date each check cleared the bank.

11. During the pendency of this adversary proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to the Defendant during the Preference Period. Plaintiff reserves the right to amend this Complaint to include: (i) further information regarding the transfers, (ii) additional transfers, (iii) modifications of and/or revision to the Defendant's name, and/or (iv) additional defendants (collectively, the "Amendments"), that may become known and to request that the Amendments relate back to this original Complaint.

12. The Defendant was a creditor of the Debtor within the meaning of 11 U.S.C. § 101(10)(A) at the time of the 90-Day Transfers. At the time of the Transfers, the Defendant had or claimed a right to payment on account of an obligation owed to the Defendant by the Debtor.

13. The 90-Day Transfers were to or for the benefit of a creditor within the meaning of Section 547(b)(1) of the Bankruptcy Code because the 90-Day Transfers either reduced or fully satisfied a debt then owing by the Debtor to the Defendant.

14. The 90-Day Transfers were for, or on account of, antecedent debt(s) owed by the Debtor before the Transfers were made and the antecedent debts to which each Transfer related are identified on the attached Exhibit A.

15. The source of the funds for the 90-Day Transfers were property of the Debtor or property in which the Debtor had an interest.

16. Inasmuch as on the date of each 90-Day Transfer, the fair value of the Debtor's assets was much less than the total amount of the debts it owed, as set forth in detail in the various reports filed in the Bankruptcy Case and in the *Second Amended and Restated Disclosure Statement* filed by the Debtor in the Bankruptcy Case [D.E. # 2144], the Debtor was insolvent at all times during the 90 days prior to the Petition Date.

17. As a result of the 90-Day Transfers, the Defendant received more than it would have received if: (i) the Debtor's case were a case under chapter 7 of the Bankruptcy Code, (ii) the 90-Day Transfers had not been made, and (iii) the Defendant received payment of its claims under the provisions of the Bankruptcy Code.

18. In accordance with the foregoing, the 90-Day Transfers are avoidable pursuant to 11 U.S.C. § 547(b).

**WHEREFORE**, the Debtor requests the Court to enter a Judgment:

a. Declaring the 90-Day Transfers, in the amount of $132,890.70, to have been preferential transfers pursuant to Section 547 of the Bankruptcy Code;

-4-

b.       Avoiding the 90-Day Transfers as preferential transfers in violation of Section 547(b) of the Bankruptcy Code;

c.       Requiring the payment of the 90-Day Transfers to the Debtor;

d.       Disallowing any Claims held by the Defendant and/or its until such time as the Defendant repays the transfers pursuant to 11 U.S.C. §502(d); and

e.       Granting such other and further relief as may be just and proper.

### COUNT II – RECOVERY OF PROPERTY PURSUANT TO SECTION 550 OF THE BANKRUPTCY CODE

19.      Plaintiff realleges the allegations set forth in paragraphs 1 through 18 and incorporates those allegations by reference.

20.      The 90-Day Transfers are avoidable pursuant to Section 547 of the Bankruptcy Code and, as a result, the Transfers are recoverable by the Plaintiff pursuant to Section 550 of the Bankruptcy Code.

**WHEREFORE**, the Plaintiff requests that the Court:

a.       Entering a money judgment against the Defendant for the amount of the avoided Transfers, plus interest at the applicable federal statutory rate, reasonable attorneys' fees, and costs and expenses to the extent permissible by applicable law;

b.       Disallowing any claim that the Defendant may have against the Debtor until such time as the Defendant repays the transfers pursuant to 11 U.S.C. § 502(d); and

  b. Avoiding the 90-Day Transfers as preferential transfers in violation of Section 547(b) of the Bankruptcy Code;

  c. Requiring the payment of the 90-Day Transfers to the Debtor;

  d. Disallowing any Claims held by the Defendant and/or its until such time as the Defendant repays the transfers pursuant to 11 U.S.C. §502(d); and

  e. Granting such other and further relief as may be just and proper.

## COUNT II – RECOVERY OF PROPERTY PURSUANT TO SECTION 550 OF THE BANKRUPTCY CODE

19. Plaintiff realleges the allegations set forth in paragraphs 1 through 18 and incorporates those allegations by reference.

20. The 90-Day Transfers are avoidable pursuant to Section 547 of the Bankruptcy Code and, as a result, the Transfers are recoverable by the Plaintiff pursuant to Section 550 of the Bankruptcy Code.

-5-

**WHEREFORE**, the Plaintiff requests that the Court:

a.       Entering a money judgment against the Defendant for the amount of the avoided Transfers, plus interest at the applicable federal statutory rate, reasonable attorneys' fees, and costs and expenses to the extent permissible by applicable law;

b.       Disallowing any claim that the Defendant may have against the Debtor until such time as the Defendant repays the transfers pursuant to 11 U.S.C. § 502(d); and

c.       Granting such other and further relief as may be just and proper.

Dated: August 24, 2011

BERGER SINGERMAN, P.A.
Attorneys for Plaintiff
200 S. Biscayne Blvd., Ste. 1000
Miami, FL  33131
Telephone:  (305) 755-9500
Facsimile:  (305) 714-4340


By:___/s/ Kristopher Aungst_____
Paul Steven Singerman
Florida Bar No. 378860
singerman@bergersingerman.com
Kristopher Aungst
Florida Bar No. 55348
kaungst@bergersingerman.com

## EXHIBIT A

BERGER SINGERMAN        *Boca Raton   Fort Lauderdale   Miami   Tallahassee*
attorneys at law

NL VENTURES VII MAGNOLIA LLC
301 Congress Avenue, Suite 320
Austin, TX 78701

| Check Number | Date Cleared | Amount |
|---|---|---|
| 00001185 | 06/30/09 | $ 66,445.35 |
| 00001198 | 07/31/09 | 66,445.35 |
|  |  |  |
| Total |  | $ 132,890.70 |